UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-224-JBC**

**NOE PINEDA,**                                                                                 **PLAINTIFF,**

**V.**                             **MEMORANDUM OPINION AND ORDER**

**MARRIOTT INTERNATIONAL, INC.,**                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The matter before the court is plaintiff Noe Pineda's motion for default judgment and defendant Marriott International, Inc.'s motion to set aside entry of default. For the reasons below, the court will deny the motion for default judgment (R. 7) and grant the motion to set aside entry of default (R. 17).

**I.**     **Background**

This case arises from the termination of Pineda from his employment as a bartender at the Marriott Griffin Gate Resort. Pineda filed a complaint against Marriott on July 6, 2010, alleging violations of the federal Family and Medical Leave Act and the Kentucky Civil Rights Act. On July 8, 2010, service was returned as executed on Corporate Service Company, whom Marriott had designated as its registered agent for service in Kentucky. Marriott asserts that it received the summons but not the complaint.

On August 2, 2010, 25 days after service, Marriott had not filed an answer and Pineda filed a motion for entry of default under Fed. R. Civ. Pro. 55(b)(1). The clerk of the court made an entry of default against Marriott on August 3, 2010. Pineda filed a

motion for default judgment under Fed. R. Civ. Pro. 55(b)(2) on August 25, 2010.  On September 2, 2010, counsel for Marriott filed a notice of appearance and a motion for extension of time to file a response to the motion for default judgment, which this court granted.  On September 24, 2010, Marriott filed an answer to the complaint, a response to the motion for default judgment and a motion to set aside the entry of default.

## II.     Analysis

This court will set aside the entry of default because Marriott has shown "good cause" for its failure to timely plead in the instant case.  Fed. R. Civ. Pro. 55(c).  "When a defendant seeks relief from an entry of default, three equitable factors are considered to determine if 'good cause' has been shown under the Rule 55(c) component of the analysis: '(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

Marriott has shown that no culpable conduct on its part led to the entry of the default.  Marriott concedes receiving a summons but denies receiving a copy of the complaint as required under Fed. R. Civ. Pro. 4(c).  Because Marriott assumed service to be improper, it did not file an answer.[1]  Viewing the facts in favor of the defendant,

---

[1]This court does not determine whether service was proper under Fed. R. Civ. Pro. 4(c).  Rather, viewing the disputed facts in favor of the defendant, this court finds that Marriott did not engage in culpable conduct when it assumed the lack of receipt of a complaint made the service invalid. *Berthelsen v. Kane*, 907 F.2d 601, 621 (6th Cir. 1990) (citing *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.) ("[W]e must resolve all ambiguous or disputed facts in light most favorable to the defendant")

Marriott did not display conduct designed to thwart judicial proceedings or which was in reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Service, Inc. V. William Darrah & Associates*, 796 F. 2d 190, 194 (6th Cir. 1986); *Berthelsen*, 907 F.2d R 621 (citing *INVST*, 815 F.2d at 398). Ineffective service of process is a credible explanation for the delay that does not exhibit disregard of judicial proceedings. *Shepard*, 796 F.2d at195.

Marriott has raised meritorious defenses in its answer. A number of Marriott's defenses, such as the affirmative defense that Pineda failed to provide adequate notice under the Family Medical Leave Act, are questions of fact, that this court must resolve in favor of the defendant with regard to the motion to set aside entry of default. *Berthelsen*, 907 F.2d at 621. Regardless of how likely Marriott is to win on the merits based on the defenses raised, "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Amernational Industries, Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991) (quoting *INVST*, 815 F.2d at 398-99). Marriott does not need to demonstrate a likelihood of success. *Amernational*, 925 F.2d at 977.

Marriott has shown Pineda will not be prejudiced if this court sets aside the entry of default. Marriott made an appearance in this suit less than two months after it was filed and eight days after Pineda had filed his motion for default judgment. Marriott was granted an extension of time by this court and filed its answer, response to the motion for default judgment and motion to set aside entry of default twenty-two days later. While some delay will result if Marriott's motion is granted, "delay alone is not a

3

sufficient basis for establishing prejudice." *Berthelsen*, 907 F.2d at 621 (quoting *INVST*, 815 F.2d at 398 (citations removed)). As Pineda has not responded to show that granting Marriott's motion would cause prejudice more than just a delay of the proceedings, Marriott has shown that no prejudice will result.

**III.     Conclusion**

Accordingly,

**IT IS ORDERED** that defendant's motion to set aside entry of default (R. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment (R. 7) is **DENIED AS MOOT**.

Signed on   December 22, 2010

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY